UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ROBERT BOODIE, a/k/a/ REGINALD
WHITE,

                  Petitioner,

   -against-

UNITED STATES OF AMERICA,

                  Respondent.
---------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-02864-FB

*Appearances:*

*For the Petitioner:*
ROBERT BOODIE, *Pro Se*
#70867-053
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, Kentucky 42635

*For the Respondent:*
JAMES PATRICK LOONAM
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      In this proceeding under 28 U.S.C. § 2255, petitioner ("Boodie") advances three claims: (1) his trial counsel, Mark S. DeMarco ("DeMarco") and Eric M. Schlosser ("Schlosser"),[1] were constitutionally ineffective for failing to file a motion to withdraw his plea of guilty prior to his sentencing; (2) via a proposed amendment to his petition, that his sentence contravenes *Johnson v. United States*, 135 S. Ct. 2551 (2015); and (3)

---

[1] DeMarco represented Boodie at his sentencing, and Schlosser did so at Boodie's preliminary hearing and arraignment.

that the Court should appoint counsel to represent him. For the reasons set forth below, Boodie's petition ("Petition"), motion to amend the petition ("Motion"), and request for counsel are DENIED.

On November 9, 2004, Boodie pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base (Count One), conspiracy to commit robbery (Count Two), and conspiracy to use interstate commerce facilities in the commission of murder-for-hire (Count Three) in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii), 18 U.S.C. § 1951, and 18 U.S.C. § 1958(a), respectively. Almost nine years later, on September 27, 2013, Boodie was sentenced to 360 months' imprisonment and five years' supervised release. His conviction was affirmed on appeal. *See United States v. Boodie*, 590 F. App'x 67 (2d Cir. 2015).

# I

## A. Ineffective Assistance of Counsel

To prevail on his ineffective assistance claim, Boodie must satisfy the familiar *Strickland* test by showing "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Either *Strickland* requirement may be used to dispose of a claim. *Strickland*, 466 U.S. at 670. Prejudice is shown if "there is a reasonable probability that,

but for counsel's unprofessional error, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

Because the Petition bases Boodie's ineffectiveness claim on his counsel's alleged failure to move to withdraw his plea, Boodie must show a reasonable probability that the motion would have been granted. *See Gonzalez v. United States*, 722 F.3d 118, 130–33 (2d Cir. 2013). This requires the petitoner to "show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B); *see United States v. Quinones*, 906 F.2d 924, 928–29 (2d Cir. 1990) (burden on petitioner to prove "fair and just reason[s]").

Looking at the totality of the circumstances, none of the factors typically considered by the Second Circuit favors a finding of the kind of "fair and just reason" that Rule 11(d)(2)(B) requires. The first factor–whether defendant has made an assertion of actual innocence, *see United States v. Lopez*, 385 F.3d 245, 253–54 (2d Cir. 2004)–militates against withdrawal. Boodie does not advance a claim of actual innocence, *see, e.g.*, Def.'s Sentencing Memo. at 1, 6–9; Sent. Tr. 9:2–11:10, 20:15–24, and conceded his guilt during his plea allocution. *See* Plea Hr'g 19:11–20:21. At the time that he entered his plea, moreover, he was seemingly concerned that there was a "chance that he would be sentenced to life imprisonment." DeMarco Affirmation ¶¶ 5–8; *see also* Memo. Supp. Petition at 4. Such "a change of heart" is insufficient.

*Gonzalez*, 970 F.2d at 1100.

The second factor–that "a significant question about the voluntariness of the original plea" reasonably exists, *Lopez*, 385 F.3d at 354–is belied by the overall record since Boodie's plea was entered into voluntarily and freely. *See* Plea Tr. 20:15–21:10; Sent. Tr. 33:10–12. A trial court may rely upon a petitioner's sworn statements made in open court, *see United States v. Logan*, 845 F. Supp. 499, 512–13 (E.D.N.Y. 2012), rather than a petitioner's post-dated self-serving statements, *see United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001).

The third and fourth factors also count against Boodie. First, the length of time that had elapsed before Brodie challenged the plea was about nine years. Courts have rejected withdrawal applications when just months have passed. *See, e.g.*, *United States v. Santos*, 152 F. App'x. 24, 26 (2d Cir. 2005) (eight months); *United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000) (five months). Lastly, by virtue of this same passage of time, the government would likely suffer substantial prejudice, *see, e.g.*, *United States v. Couto*, 311 F.3d 179, 185 (2d Cir. 2002). The prosecution of Boodie's co-conspirators' has ended, and the government would be hard-pressed to retry the case, especially given the likelihood of faded memories by its witnesses. This is textbook prejudice. *See Lopez*, 385 F.3d at 254.

### B. Viability of Boodie's Proposed Amendment

A proposed amendment should be denied "for good reason," including futility. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). Predicated solely on *Johnson*, Petitioner's amended pleading would be legally insufficient and hence futile for two reasons. First, Boodie's sentence fell within the governing statutory range, one calculated without reference to the Armed Career Criminal Act construed in *Johnson*. *See* PSR ¶ 176; 21 U.S.C. § 841(b)(1)(B)(iii). Second, the sentence did not take into account Boodie's possible status as a career offender. PSR ¶¶ 120–23, 177; *see also* U.S.S.G. § 4B1.1(b).

## C. Lawyer's Appointment (Request for Counsel)

A court may appoint counsel for petitioner seeking to challenge his conviction under § 2255 if that person is "financially unable to obtain adequate representation" and such appointment is in the interests of justice. 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a). A court, however, must first decide whether a petitioner's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Because the Court has found no merit to petitioner's arguments, his request is denied.

## II

For the foregoing reasons, the Petition, Motion, and request for counsel are DENIED.[2] Because Boodie has failed to make a substantial showing of the denial of

---

[2] Because documentary evidence resolves petitioner's claims, no hearing is necessary, and Boodie need not appear. *See, e.g.,* 28 U.S.C. § 2255(b)–(c).

a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c).

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 7, 2017